Crosby S. Connolly (SBN: 286650)
crosby@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number:          (619) 233-7770
Office Fax Number:      (619) 297-1022

Attorneys for Sonia E. Anaya

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sonia E. Anaya,<br><br>                    Plaintiff,<br><br>v.<br><br>D. Scott Carruthers, A Professional Corporation,<br><br>                    Defendant. | **Case No:** _____<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Sonia E. Anaya, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of D. Scott Carruthers, A Professional Corporation, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

6. All violations alleged regarding the FDCPA are material violations of the FDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

7. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Plaintiff is a natural person who resides in the City of Redwood City, County of San Francisco, State of California.

11. Plaintiff resides in San Francisco County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

12. At the time of the substantial part of the events or omissions giving rise to the claim occurred, particularly, Defendant harassing Plaintiff by telephone on Plaintiff's personal phone and work phone, and disclosing Plaintiff's debt to

third parties, Plaintiff was physically located in the City of Redwood City, County of San Francisco, State of California.

13. Because a substantial part of the events or omissions giving rise to the claim occurred in San Francisco County, venue is proper pursuant to 28 U.S.C. § 1391b(2).

**PARTIES**

14. At all times relevant, Defendant conducted business within the State of California.

15. Plaintiff is a natural person who resides in the City of Redwood City, State of California.

16. Defendant is located in the City of Stanton, in the State of California.

17. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

18. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

19. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

20. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer

credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

22. Sometime before August, 2016, Plaintiff is alleged to have incurred certain financial obligations with Cash Call related to an alleged personal loan.

23. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

24. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

25. Sometime thereafter, but before August, 2016, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged debt.

26. Subsequently, but before August, 2016, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

27. On or about August, 2016, Defendant began contacting Plaintiff's relative, Davia Anaya, by telephone, and disclosed Plaintiff's alleged debt with Davia Anaya.

28. By disclosing Plaintiff's alleged debt with Plaintiff's relatives, Defendant has caused Plaintiff significant stress and anxiety, as Plaintiff's relatives have began to question Plaintiff's actions and the reason by which Plaintiff has not paid her alleged debts.

29. Furthermore, Plaintiff's relative, Davia Anaya asked Defendant to stop contacting Davia Anaya directly regarding Plaintiff's alleged debt, but Defendant continued to contact Davia Anaya multiple times by telephone.

30. On or about October, 2016, Defendant began contacting Plaintiff on her cellular phone and at her place of employment. Plaintiff believes Defendant contacted Plaintiff's cell phone a dozen or more times in the month of October, 2016. Plaintiff further believes Defendant contacted Plaintiff's place of employment a dozen or more times in the month of October, 2016.

31. Plaintiff believes Defendant contacted Plaintiff's cell phone a dozen or more times in the month of November, 2016. Plaintiff further believes Defendant contacted Plaintiff's place of employment a dozen or more times in the month of November, 2016.

32. On or about December 7, 2016, Defendant contacted Plaintiff's ex-husband by telephone and disclosed Plaintiff's alleged debt with Plaintiff's ex-husband. Defendant further informed Plaintiff's ex-husband that Defendant was going to sue Plaintiff's ex-husband for Plaintiff's alleged debt.

33. On or about December 7, 2016, Defendant contacted Plaintiff's co-worker and disclosed Plaintiff's alleged debt with Defendant's co-worker.

34. On or about December 7, 2016, Defendant left Plaintiff a voicemail regarding the alleged debt.

35. On or about December 9, 2016, Defendant contacted Plaintiff by telephone, at which time Plaintiff informed Defendant over the phone to cease contacting Plaintiff at Plaintiff's place of employment and on her cell phone as it was inconvenient for Plaintiff to take calls at work. Despite Plaintiff informing Defendant over the phone to cease contacting Plaintiff at Plaintiff's place of employment, Defendant continued to contact Plaintiff at Plaintiff's place of employment and on her cell phone on numerous occasions.

36. On or about December 9, 2017, Defendant contacted Plaintiff's co-worker and disclosed Plaintiff's alleged debt to Plaintiff's co-worker.

37. On or about December 9, 2017, Defendant contacted Plaintiff on Plaintiff's cell phone. Plaintiff informed Defendant that it was inconvenient for her to take phone calls on her cell phone or at her place of employment, and for Defendant to cease communications to Plaintiff's cell phone and place of employment.

38. On or about December 12, 2016, Defendant again called Plaintiff's cell phone. During this conversation, Plaintiff again requested from Defendant to cease contacting Plaintiff on her cellular phone and at her place of employment as it was inconvenient for Plaintiff to take calls at her place of employment and that her employer did not allow her to take personal calls at work.

39. On or about December 12, 2016, Defendant left Plaintiff a voicemail regarding the alleged debt.

40. On or about December 13, 2016, Defendant left Plaintiff a voicemail regarding the alleged debt.

41. On or about December 15, 2016, Defendant left Plaintiff a voicemail regarding the alleged debt.

42. On or about December 16, 2016, Defendant left Plaintiff a voicemail regarding the alleged debt.

43. On or about December 17, 2016, Defendant left Plaintiff a voicemail regarding the alleged debt.

44. On or about December 22, 2016, Defendant contacted Plaintiff's coworker at Plaintiff's place of employment and harassed Plaintiff's co-worker over the phone to such a degree that Plaintiff began to have a panic attack, and was forced to leave a meeting that she was in at the time to speak to Defendant, at which time Plaintiff again told Defendant to stop contacting Plaintiff at her

place of employment, all of which caused tremendous stress and anxiety for Plaintiff.

45. On or about December 27, 2016, Defendant again contacted Plaintiff at Plaintiff's place of employment and disclosed Plaintiff's debt to Plaintiff's receptionist.

46. On or about December 27, 2016, Defendant again, for the second time that day, contacted Plaintiff at Plaintiff's place of employment and disclosed Plaintiff's debt to Plaintiff's receptionist.

47. On or about December 27, 2016, Defendant left Plaintiff a voicemail regarding the alleged debt.

48. Furthermore, During the month of December, 2016, Defendant contacted multiple co-workers at Plaintiff's place of employment, and disclosed Plaintiff's alleged debt with Plaintiff's co-workers. This illegal disclosure has negatively effected Plaintiff's work environment, and Plaintiff now feels as though her job is in jeopardy due to Defendant's illegal harassment and due to the fact that Plaintiff's employer prohibits her from receiving such communications, which Plaintiff informed Defendant of on multiple occasions.

49. Except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to the Defendant, and without the express permission of a court of competent jurisdiction, and for a purpose not reasonably necessary to effectuate a postjudgment judicial remedy, Defendant communicated, in connection with the collection of a debt, with a person other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendant. Consequently, Defendant violated 15 U.S.C. § 1692c(b).

50. Defendant failed to disclose in this initial written communication with the consumer that Defendant was attempting to collect a debt and that any

information obtained would be used for that purpose, or failed to disclose in subsequent communications that the communication from a debt collector. Consequently, Defendant violated 15 U.S.C. § 1692e(11).

51. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt at the consumer's place of employment when Defendant knew or had reason to know that the consumer's employer prohibited the consumer from receiving such communication. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(3).

52. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

53. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

54. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

55. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
## CAL. CIV. CODE §§ 1788-1788.32

56. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

57. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

58. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

59. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: January 5, 2017                         By: s/Crosby S. Connolly
                                              Crosby S. Connolly
                                              Attorneys for Plaintiff